[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried on October 6, 1989 in Ansonia, Conn. There are not minor children issue of the marriage.
On February 19, 1992, during the hearings, the court dissolved the marriage. The court found, but did not so state on the record, that the marriage had broken down irretrievably with no hope of reconciliation and that both parties were at fault for the breakdown.
The plaintiff may resume her maiden name of Aleta M. Ventre.
Alimony is not awarded to either party.
Each party shall keep as their own the cars listed on their respective Financial Affidavits.
Each party shall keep as their own any bank accounts, insurance, pension or retirement plans listed on their respective Financial Affidavits.
Each party shall pay the fees of their respective attorneys.
The property owned jointly by the parties and located at 38 Tram Drive in Oxford, Conn. shall be listed for sale with a local realtor at a price deemed reasonable under all of the circumstances by that realtor. That price may be reduced from time to time at the realtor's sole discretion considering the real estate market at that time. The property shall be sold at any offer received which the realtor recommends to the parties to accept. The first and second mortgages, realtor's commission, attorney's closing fees, conveyance taxes and other normal and usual closing costs shall be paid from the proceeds of the sale. Thereafter, the judgments to CT Page 8720 Ray's Custom Builders in the amount of $597.13 shall be paid, together with the outstanding balance to Lipovsky Brothers, Inc., in the present amount of $1,705. The payments of $560 made by the defendant towards the debt to Lipovsky Brothers, Inc. shall be repaid to him and the defendant shall also be reimbursed the sum of $683.14 paid by him for improvements he made to the property.
The plaintiff claims that the amount she invested in the property totals $88,951.00 and the defendant claims that the amount he invested in the property totals $105,522.00. If the net proceeds of the sale exceed $194,503.00, which amount reflects the combined total of the parties' investments in the property, each party shall be repaid the initial investment made by each as specified hereunder and any remaining proceeds shall be divided equally by the parties. In the event that the net proceeds of the sale are less than $194,503.00, the defendant shall be entitled to 54.27% of the remaining proceeds and the plaintiff shall be entitled to 45.73% of the remaining proceeds.
Until the property is sold the parties shall share equally the monthly mortgage payments and the homeowner's insurance expense.
The parties cannot agree on the division of certain of their personal property. Each party submitted to the court a list of that property which they claim. The following sets out the claims of each party and the rulings of the court on the individual item claimed.
 The plaintiff's claims in Schedule A attached to her Proposed Order dated March 31, 1992
1. The waterbed. This item is granted to the plaintiff.
 2. The Mitsubishi VCR. This item is granted to the plaintiff.
3. The sofa bed. This item is granted to the plaintiff.
 4. $500 for the lawn tractor. The tractor (not the money) is granted to the plaintiff.
 5. $500 withdrawn from the equity loan by the defendant. The $500 shall be repaid by him to the plaintiff.
 The defendant's claims in Schedule A attached to his Request for the Court's Consideration dated March 31, 1992
 1. Radio Shack Desktop Calculator. The defendant gave this to the plaintiff as a gift. It shall remain her CT Page 8721 property.
 2. Two Williamsburg Pictures. These were withdrawn from the court's consideration.
 3. Belgique cooking pan set. This item is granted to the defendant.
 4. Magnalite roasting pan. This item is granted to the defendant.
 5. Westhof steak knife. One set of these knives is granted to the defendant.
 6. Bath and hand towels. One-half of these items is granted to the defendant.
 7. Card table with four chairs. This item is granted to the plaintiff.
 8. Oak clock from kitchen. This item is granted to the plaintiff.
 9. King Pillows. Four of these pillows are granted to the defendant.
 10. Wood salad set. The defendant agreed to return this item to the plaintiff.
 11. Hawaii serving tray. The defendant agreed the plaintiff may keep this item.
 12. Wine and drink glasses. One-half of these items are granted to the defendant.
 13. Charmglow outdoor gas grill. This item is granted to the plaintiff.
 14. Courvoisier brandy snifters (four). This item is granted to the defendant.
 15. Tools from toolbox. The court cannot make any ruling based on the evidence.
 16. WordPerfect software diskettes. This item was withdrawn from the court's consideration.
17. Oak kitchen table and four chairs.
18. Electrolux vacuum cleaner. CT Page 8722
19. Fireplace tool set and glove.
The defendant wanted items 17, 18 and 19 granted to him in partial reimbursement of the money he put into their china and silver, and specifically which he claimed concerning item 12. In view of the court's ruling giving him one-half of item 12, his claim to items 17, 18 and 19 is denied and these items are granted to the plaintiff.
Thomas J. O'Sullivan State Trial Referee